THE BURLINGTON AND MISSOURI RIVER RAILROAD COMPANY v. BOESTLER.

1. SUBSCRIPTION OF STOCK TO RAILROAD COMPANY. Action to recover on a contract of subscription to the stock of a Railroad Company. The agreement to pay was on conditions as follows: "Provided the town of Fairfield is made a point on said road, and said road is put under contract in one year from the 1st day of September, 1858; provided, also, that said stock is not to be called in faster than five per cent per month on the whole amount, and no installment is to be called in on said stock, until the whole road from Burlington to Fairfield is put under contract, with conditions to be built within twenty months from the time of letting such contract. It was *held:*

   1. That putting the road under contract within the time named, and with the conditions specified, was a condition precedent to the right of the Company to recover on the contract.

   2. That a completion of the road by the 1st of September, 1858, without the letting of the contract stipulated in the condition precedent, was not a sufficient compliance to enable the Company to recover on the contract.

2. TIME IN CONDITION PRECEDENT. When the time for the performance of an act or a condition precedent is fixed by the contract, the act or condition must be performed at or within the time.

3. WAIVER: SILENCE. Mere silence on the part of a party to a contract amounts to a waiver of the performance of a condition precedent in cases in which such silence is inconsistent with any other explanation.

*Appeal from Jefferson District Court.*

THURSDAY, APRIL 7.

THE defendant subscribed to a contract or subscription list for five shares of stock in the Burlington and Missouri River Railroad Company, and "agreed to pay the same when called for," &c., &c., "provided, the town of Fairfield is made a point on said road; and that said road *is put under contract in one year from the first day of September*, 1853; *provided also*, that said stock is not to be called in faster than five per cent per month on the whole amount,

and no installment is to be called in on said stock until the whole road from Burlington to Fairfield is put under contract, *with condition to be built within twenty months from the time of letting such contract.*" The answer avers *inter alia* that "the road was not put under contract in one year from the first day of September, 1853, with a condition to be built in twenty months, and that it was never put under contract with a condition to be built in twenty months."

This answer was demurred to by the plaintiff, and the Court held that the answer set up a sufficient defense and the plaintiff appeals, assigning in this Court the following errors:

"1st. The Court erred in holding that before plaintiff could recover, a showing must be made that the whole road was put under contract before calling for the stock, with condition in such contract to be built in twenty months from the time of letting."

"2d. In deciding that a literal compliance with the conditions of the subscription was necessary to a recovery, and that a substantial compliance by building the road without objections from defendant, was not sufficient."

*David Rorer* for the appellant.

We show substantial performance, but not in the precise manner of contracting contemplated by the subscription. Now we contend that unless defendant had notified the Company not to proceed on the credit or faith of his subscription, that he is bound, although the terms of the contract under which the road was built, were not precisely such as the subscription paper contemplated, did not contain ·a clause that the road should be built in twenty months, and was not made within a year from the first of September, 1853. *Non constat* that the road would have been any sooner or any better built, if contracted for in that particular way, and within that time. It was built,

and *non constat* that defendants' stock is not worth all it would have been worth in the other event.

If he was delayed in the dividends, which he would have otherwise sooner received, the answer is that his right to such, was dependant on payment of the stock, which he has not done. The main object here is to build a railroad from Burlington to Fairfield. To secure this it is to be put under contract before the stock is collected. We have done more. We have built it. But it is said the contract was not made within one year, and did not provide for the road· being built within twenty months; and that these things were contemplated. True, they were. But what for? Obviously to secure the building of the road. Well, it is built. *Non constat* that it would sooner have been built if let the other way. The grievance then is, that we built the road before asking payment of stock instead of forcing payments with which to build it.

A condition, so far as to the manner of performance, or manner of bringing about a performance, is sometimes inoperative in favor of a substantial performance. *Merrill* v. *Bell*, 6 Smeed & Marsh., 730; *McAuley* v. *Billenger*, 20 Johns., 88.

A town voted $400 to buy a fire engine, provided an equal amount be raised by subscription. It was not so raised, but a responsible man guaranteed the amount and the terms were adjudged complied with. *Torrey* v. *Millbury*, 21 Pick., 64.

Where the charter fixed the terms of subscription, a subscription embodying additional terms not inconsistent with the charter stipulation was holden as good at common law. *Fisher* v. *The Evansville and Crawfordsville R. R. Co.*, 7 Ind., 407.

*Negus & Culbertson* and *Wilson & Stubbs* for the appellee. No argument on file.

DILLON, J. — The promise of the defendant to pay the subscription was dependant upon the performance of a prior act to be done by the plaintiff, viz. : " to put the said road under contract in one year from the 1st day of September, 1853," * * * " with condition to be built (from Burlington to Fairfield) within twenty months from the time of letting such contract." The performance of this prior act on the part of the plaintiff, was a condition precedent to his right of recovery, for until performed the contract was not obligatory upon the defendant. The petition avers, indeed, that the "road from Burlington to Fairfield was built and in running order, by the 1st day of September, 1858," but it nowhere avers that the contract was let within the time limited, or let with the stipulated condition concerning completion within twenty months thereafter. As the contract was to be thus let before the defendant's liability was to accrue, the Court correctly held that the plaintiff must show performance of the condition precedent, or something which discharged him from such performance. The general correctness of this doctrine, we do not understand the appellant's counsel to controvert, nor is it controvertible, for the principle is laid up among the fundamentals of the law, that when a time for the performance of an act, or of a condition precedent is fixed by the contract, the act or condition must, at least in a court of law, be performed within or at the time. No averments were made showing that the defendant had either waived, rejected or prevented performance on the plaintiff's part. We understand the appellant to maintain that the road being in fact built, and in running order by the first day of September, 1858, and before any installment on the stock was called for, amounts in law to a substantial though not a literal performance.

The cases where an exact and precise performance will be dispensed with in a court of law, and a substantial per-

formance will be held to suffice, are in their nature exceptional, and can never apply to a case where, by a fair construction of the contract, time was, as in the present instance, made material by two distinct and separate clauses. But, without further dwelling upon this point, we fail to see how the bare fact that the road was completed by September, 1858, shows even a substantial compliance, admitting that to be sufficient.

If the road had been put under contract within the year, with a condition in the contract that it should be completed in twenty months thereafter, the time for the completion to Fairfield would have expired in May, 1856. "*Non constat*," says the appellant, "that the road would have been any sooner built if this had been done." To this it is sufficient to reply, *non constat* but that it would have been sooner built if the contract had been thus *bona fide* let. The presumption is that men will keep, not that they will violate, their engagements. The presumption then is that if the contract for the road had been let as contemplated when the defendant subscribed for stock, the road would have been completed to Fairfield by May, 1856. Instead of that it was not completed to that place until September, 1858. In view of the probable difference in the value of the stock during this long interval and the delay to receive dividends, to give no other reasons, we do not see that the plaintiff has either substantially or literally performed the condition which is precedent to his right of recovery.

The appellant furthermore contends "that unless the defendant had notified the Company not to proceed on the credit or faith of his subscription, he is bound, although the terms of the contract under which the road was built, were not precisely such as the 'subscription paper contemplated." Not so. Mere silence on the part of a defendant does not amount to a waiver of the performance of a condition, unless indeed in cases where such silence is incon-

sistent with any other explanation. *Gray* v. *Blanchard*, 8 Pick., 292; *Jackson* v. *Crysler*, 1 John. Cas., 125; *Lawrence* v. *Gifford*, 17 Pick., 366.

Under any aspect of the case as presented by the pleadings, we do not see how the District Court could have holden differently without subverting established first principles. The judgment below is, therefore,

Affirmed.