## THOMPSON v. OLIVER.

1. **Promissory note:** CONDITION PRECEDENT. A promissory note, executed in consideration of a share in the capital stock of a railroad company, contained the following condition precedent: " Provided said company shall have their road built and in operation to Marion, Linn county, Iowa, by the 1st day of January, 1861:" *Held*,

    1. That the completion of the road on or about the 1st day of October, 1864, was neither a literal nor a substantial compliance with the terms of the condition.

    2. That neither the railroad company nor its assignee could recover upon said note, without showing a substantial compliance with such condition.

*Appeal from Linn District Court.*

WEDNESDAY, APRIL 19.

DEMURRER TO PETITION: RAILROAD SUBSCRIPTION: CONDITION PRECEDENT. — Action, by the plaintiff, upon the following contract:

"March 23, 1860.   In consideration of one share of the capital stock of the Dubuque, Marion and Western Railroad Company, to be issued when, full payment is made therefor, I promise to pay to the said company the sum of $100, payable on the 1st day of January, 1862; *provided said company shall have their road built and in operation to Marion, Linn county, Iowa, by the first day of January, 1861.*"

This was subscribed by the defendant.

It is alleged, in the petition, that, on the 18th August, 1860, the company let the contract for the grading and bridging of the said road to one Crosby, who was to finish it, ready for track-laying, by December 20, 1861, and turned out to him this subscription, with others of a like character, known as the "Marion subscriptions;" that Crosby used the subscriptions in procuring labor and materials to complete his contract with the company; that, in so doing, on or about November 1, 1860, he transferred the subscription in suit to the plaintiff, who now owns the same.

It is further alleged, that Crosby fulfilled his contract for grading, &c., about the 1st day of December, 1860; but "that the said railroad company, on account of financial embarrassment and the stringency of the times, found it impossible to raise sufficient money to complete, run and operate the said road to Marion on the 1st day of January, 1861;" "but that the said company did complete, run and

operate said road to said town on or about the 1st day of October, 1864, and still does."

Defendant demurred to this petition. This demurrer being sustained, the plaintiff appeals.

*William G. Thompson* for the appellant.

*I. M. Preston & Son* for the appellee.

DILLON, J. — The appellant's counsel, in his argument at bar, conceded the correctness of the case of *The Bur-*

1. PROMIS-
SORY NOTE:
condition
precedent. *lington, &c., Railroad Company* v. *Boestler*, 15 Iowa, 555; but ingeniously endeavored to distinguish that case from the present.

In our opinion, the two cases are identical in principle. By the contract in suit, the defendant was not bound to pay unless the company finished and put their road in operation to Marion by the 1st day of January, 1861.

Nothing is alleged in the petition which is sufficient in law to dispense with this condition precedent. It cannot be contended that the "financial embarrassments of the company," or "the stringency of the times," will relieve them from the necessity of fulfilling their part of the contract. The plaintiff, as an assignee, claims under the railroad company. He stands in their place. His rights can mount no higher than their source. The allegations, that this contract was transferred by the company to Crosby, and by Crosby to the plaintiff, are material, as showing that the plaintiff has a right to bring the suit in his own name; but they are otherwise immaterial. The argument that the plaintiff furnished labor and materials which were used by the contractor (Crosby) in the construction of the road, and should therefore recover, although the road was not finished to Marion by the stipulated time, is based upon the fallacy that his derivative rights are greater than those of the railroad company.

The road not having been finished to Marion until nearly four years after the time mentioned in the contract in suit, there was neither a literal nor substantial compliance with the condition upon which alone the defendant's promise would be legally binding; and the judgment of the court below sustaining the demurrer must be

Affirmed.