## DAVIS & CO. v. COBBAN.

**Contract:** CONDITION PRECEDENT. In a written instrument, by the terms of which the obligor became bound to pay a certain sum of money to a railroad company when the road was completed and the cars running between designated points, the words, "The road to be finished by September 1, 1872," were held not to imply a condition precedent. The obligor was not released from payment by the fact that the road was not completed at the time fixed in the instrument.

*Appeal from Linn District Court.*

FRIDAY, SEPTEMBER 25.

ACTION upon an instrument in writing, to-wit: " $212.50. For the purpose of aiding in the construction of the Sabula, Ackley & Dakota Railroad, from Sabula, Iowa, to Marion, in Linn county, Iowa, as well as for value received, I promise to pay said Sabula, Ackley & Dakota Railroad Company, the sum of two hundred and twelve and fifty one-hundredths dollars, the same to be paid when said road is completed and the cars running on the same from Sabula to a depot to be constructed, by said company at Marion, Iowa, and not before, with ten per cent. interest from the time the cars on said road shall so run to said depot until paid. The road to be finished by September 1, 1872, to Marion. Dated this 24th day of June, A. D. 1871." This was duly signed by the defendant.

Davis & Co v. Cobban.

The plaintiff also avers that the company have built and completed said railroad from Sabula to a depot constructed by said company at Marion; that said road was completed and the cars running from Sabula to said Marion on the 22d day of December, 1872, and that plaintiffs have fully performed the conditions of said contract, whereby the same became due and payable December 22, 1872; that said contract is now the property of plaintiffs, and they ask for judgment, etc.

The defendant demurred to the petition, because it shows that the road was not completed and the cars running till December 22, 1872, while the writing sued on shows that it was to be so completed on September 1, 1872, as a condition precedent to the payment of the amount.

This demurrer was sustained. The plaintiffs excepted and appeal.

*I. M. Preston & Son,* for appellant.

*Thompson & Davis,* for appellee.

COLE, J.—Whether a provision in a contract is to be construed as a condition precedent, is often a question of extreme difficulty. The determination of the question depends upon no particular form of words, but upon the intention of the parties to be gathered from the language of the entire instrument. Conceding that there may be well grounded doubts of the correctness of our conclusion, yet our best judgment is, that the time fixed for the completion of the road was not intended as a condition precedent. If the last sentence had been preceded by the word "provided," so that the note had read, "provided the road be finished by September 1, 1872," it would probably have lead us to a different conclusion. This word is the distinguishing feature between this case and the cases of *The B. & M. R. R. Co. v. Boestler,* 15 Iowa, 555, and *Thompson v. Oliver,* 18 Iowa, 417; see also, *Stanford v. Greene County,* 18 Iowa, 218. The addition of the word "provided," as suggested, would manifest the intent to make the time fixed for completion, a condition precedent. This conclusion is more equitable than the other, which would

operate as a kind of forfeiture. Under this view the defendant may recoup any damages resulting to him from the delay in completion. Thereby substantial justice is effectuated.

REVERSED.