Opinion by
White, P. J.
§ 87. Contract; subscription for construction of railroad; construction of; rules as to conditions in. Appellee sued appellant to recover a balance of $250 alleged to be due upon a subscription list executed by appellant to appellee. Appellant, by the terms of his subscription, bound himself to pay appellee the money whenever the line of appellee’s railroad should be located or established to, or within, the city limits of Wado, said money to be used and expended in constructing said road in McLennan county, and to be paid in such sums as' might be needed as the work progressed. Appellee bound itself to build and operate the line of railroad, and to complete and equip the same, within twelve months from the date of the contract. The contract was dated May 22, 1880. Verdict and judgment for the plaintiff.
At the time this suit was brought, the road had been completed, equipped and was running into the city of Waco, and had been completed nearly two years. It is contended by appellant, that time was of the essence of the contract; that the railroad failed to comply with its obligation in completing and equipping its road, and run- *67 rung its trains into the city of Waco, within twelve months from the 22d day of May, 1880; that at the time he refused to pay the balance of his subscription now sued for, it was manifestly a physical impossibility'that the railroad company could complete their contract within the time specified, and that this condition of things was tantamount to an actual failure to comply with, or rather a breach of the contract, which justified his refusal to pay, and relieved him from all further liability to pay the balance due on his subscription. This position would unquestionably be sound, if the stipulations of the contract were dependent in their character; for Mr. Parsons says, “it is a good defense to an action on a contract, that the obligation to perform the act required was dependent upon some other thing, which the other party was to do, and failed to do. And if, before the one party has done anything, it is ascertained that the other party will not be able to do that which he has undertaken to do, this will be a sufficient reason why the first party should do nothing.” [2 Pars, on Con. (6th ed.) top page 674.] But the question in this case is, Were the conditions of the contract dependent upon each' other ? And, was the completion of its road by the company a condition precedent to their right to demand of appellant a performance on his part of his obligation under the contract % Sergeant Williams, in his note to Pordage v. Cole, 1 Wms. Saund. 319, referred to in 2 Parsons on Contract in a note on page 528, and also cited in the brief of ap- • pellee, lays down this doctrine as a rule of construction of contracts, viz.: “If a day be appointed for the payment of money, or a part of it, or for doing any other act, and the day is’ to happen, or may happen, before the thing which is the consideration of the money or other act is to be performed, an action may be brought for the money, or for not doing such other act before performance; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent.” And Mr. Parsons himself again *68 states the rule in the text, at page 676, thus: “And if there is a day for the payment of the money, and this comes before the day fixed for the doing of the thing, or before the time when the thing from its nature can be performed, then the payment is at all events obligatory, and an action may be brought for it independently of the act to be done.” A case involving a very similar question to the one before us, was Miller v. Pittsburg & Cleveland R. R. Co. 40 Penn. St. 273. There was a subscription to the stock of a railroad company on the express condition that the road should be located and constructed along a prescribed route. ' The road was so located, and the subscriber paid one or more instalments on his shares, but neglected to pay the balance as the calls were made. Before the construction was completed, the company suspended operations. An action was brought by the company for the¿>alance of the subscription. Held, that the road having been located, though not completed, the company was entitled to recover. Held further, that the suspension of operations made by the directors long after the payment upon defendant’s stock had been due, was not a defense in an action brought against him for the unpaid balance thereon.
In Front Street M. & O. R. R. Co. v. Buller, 50 California, 574, it was held: 1. The payment of money cannot be made dependent on the performance of a condition by the party to whom it is to be paid, which condition, by its terms, may not be performed until after the date at which the money is to be paid. 2. Courts are disinclined to construe the stipulations in a contract, to do certain things within a given time, in consideration of the payment of money by the otheF'party, as conditions precedent, unless compelled to do so by the express language of the contract. 3. If property holders along the line of a street contract with a street railroad company to pay it certain sums of money, if, within a certain time, it constructs a railroad along the street, the fact that the road is not built within the time is not an excuse for the *69 non-payment of the money, if the road is actually built; but the subscribers may recoup the damages they sustain by the failure to complete in time.
December 12, 1883.
In Davis & Co. v. Cobban, 39 Iowa, 392, it was held that in a written instrument, by the terms of which the obligor became bound to pay a certain sum of money to a railroad company, when the road was completed, and the cars running between designated points, the words ‘ ‘ the road to be finished by the 1st of September’, 1882,” did not imply a condition precedent. The obligor was not released from payment by the fact that the road was not completed at the time fixed in that instrument. To the same effect is Traer v. Stuart, 16 Iowa, 15. We might multiply authorities, but these are deemed sufficient. There is no fact or circumstance of similarity in this case with Henderson v. R. R. 17 Tex. 560. Here the road was not only in process of bona fide construction, but the failure to construct it within the time stipulated is reasonably accounted for. More than that, the road was fully completed, and its trains running into Waco, long before this suit was brought.
§ 88. Verdict; will not be disturbed because it is contrary to an erroneous charge. A proper verdict will not be disturbed by the appellate court for the reason that it was rendered in disregard or contravention of an erroneous charge of the court. [Merriweather v. Dixon, 28 Tex. 16.]
Affirmed.