[Civ. No. 17136.   Second Dist., Div. Two.   Oct. 19, 1949.]

JOSEPH T. MARTIN, Appellant, v. DAVID AUERBACH, Respondent.

Anderson, McPharlin & Conners and Montgomery G. Rice for Appellant.

Joseph T. Enright, Samuel J. Crawford and Robert Ogle for Respondent.

WILSON, J.—Plaintiff appeals from a judgment denying relief in an action to rescind an assignment which defendant made to him of a half interest in a lease of real property and in the business conducted therein.

The following facts appear from the settled statement and the findings: In April, 1945, defendant became the lessee of a business property and thereafter conducted a cafeteria therein; the lease was for the term of ten years and among other things provided: ''That the lessee will not assign this lease or any interest therein . . . without the written consent of the lessor first had and obtained, and . . . unless such written consent thereto has been so had and obtained any assignment or transfer . . . of this lease or of any interest therein . . . shall *at the option of the lessor* terminate this lease and any such purported assignment (by death excepted) transfer or underletting without such consent shall be null and void.'' (Emphasis added.)

In August, 1946, the business was submitted to plaintiff by a broker for investigation. Plaintiff made a personal examina-

tion of the business and had possession of the lease for approximately 10 days before entering into the agreement of purchase. He submitted the lease for examination to two persons who were experienced in the terms and meaning of leases, to a bank in connection with a proposed loan, and received advice concerning it from a licensed real estate agent.

On October 26, 1946, the parties entered into an agreement whereby they became partners in the operation of the business and defendant executed and delivered to plaintiff a bill of sale conveying an undivided one-half interest in the assets of the business and in the lease. The attorney who drafted the partnership agreement advised both parties, ''Be sure and contact the landlord.'' Defendant proposed that they go at once to the lessor but plaintiff declined, saying they could go later.

The consent of the lessor to the assignment was not obtained but on or about November 1, 1946, he acquired knowledge of the sale and assignment and on November 2, accepted rent under the terms of the lease for the month of November. About November 2, the landlord requested and received the partnership agreement and the bill of sale for the purpose of having photostatic copies made and thereafter returned the documents to plaintiff and defendant without objection to the assignment.

On December 2, 1946, a check for the December rent was mailed to the lessor. On December 16, his agent returned the rental check and served on plaintiff a purported notice of termination of the lease. On December 17, plaintiff informed defendant that he was rescinding his agreement and on December 18, gave formal notice that by reason of the notice of termination of the lease he rescinded all his agreements with defendant and offered to return everything of ·value he had received by reason of the assignment and the articles of co-partnership.

The complaint, which is for a rescission of the transaction, is based on allegations that defendant falsely and fraudulently represented that he was authorized to sell and assign an interest in the lease and leasehold estate without the consent of the lessor and that such statements were untrue. Plaintiff's opportunity prior to entering into the transaction to read the lease and to become acquainted with its terms and the advice sought and received by him refute his contention and his testimony that he did not know of the prohibition against its assignment. Moreover the court found that the allegations of

fraud are untrue and that it is not true that plaintiff believed or relied upon defendant's statements. These findings are sustained by the evidence.

■ The court further found that the landlord's notice to quit was based on the alleged ground that the provision prohibiting assignment without his consent had been violated, but that nevertheless, after acquiring knowledge of the assignment, the lessor had received and accepted rent for each and every month from and after November, 1946, to the date of the findings and judgment, October 15, 1948, and that therefore the lease and all its terms are still in full force and effect; that plaintiff was not compelled to vacate the premises on December 18, 1946, or at all; that he abandoned the premises and withdrew therefrom of his own volition; that defendant has at all times and up to the date of judgment remained in possession of the premises and has continued to operate the business.

The lease in question does not declare that a violation of its terms renders it void without any affirmative act on the part of the lessor. It expressly provides that an unauthorized assignment shall "at the option of the lessor" terminate the lease and render such assignment null and void. Unless and until the lessor takes action to cancel such a lease it continues in force and the assignment remains valid. It is settled that the violation by the lessee of a covenant against assignment of a lease does not *ipso facto* terminate the lease or render it void. The lessor has the option to declare a forfeiture of the lease or, ignoring the breach, to treat it as subsisting. (*Guerin* v. *Blair*, 33 Cal.2d 744, 746-7 [204 P.2d 884] ; *People* v. *Klopstock*, 24 Cal.2d 897, 901 [151 P.2d 641] ; *Chapman* v. *Great Western Gypsum Co.*, 216 Cal. 420, 427 [14 P.2d 758, 85 A.L.R. 917] ; *Buchanan* v. *Banta*, 204 Cal. 73, 76 [266 P. 547] ; *Northwestern Pacific R. R. Co.* v. *Consumers Rock & Cement Co.*, 50 Cal.App.2d 721, 723 [123 P.2d 872] ; *Licht* v. *Gallatin*, 84 Cal.App. 240, 245 [257 P. 914].) ■ The assignment of a lease in violation of a covenant against assignment without the consent of the lessor is a binding assignment which passes the leasehold estate. (*Chapman* v. *Great Western Gypsum Co., supra.*) An assignment of a lease contrary to a provision forbidding the same is not void but voidable and the lessor alone has the option to forfeit the lease for breach of the covenant. If he disregards the breach the lease is valid and

subsisting as to all other parties. (*Taylor* v. *Odell,* 50 Cal. App.2d 115, 121 [122 P.2d 919] and cases above cited.)

The lessor in the instant action, with knowledge of the assignment, accepted the rent for November, 1946, and after declaring a termination of the lease on the ground that the assignment was unauthorized, accepted the rental each month to and including the date of entry of judgment in October, 1948.

Since (1) defendant did not accept and agree to the rescission attempted by plaintiff and (2) the court refused to decree a rescission and rendered judgment in favor of defendant, the assignment to plaintiff remains valid and plaintiff and defendant are in the same position toward each other as they were at the date of the original transaction.

The complaint is based upon alleged fraudulent representations purporting to have been made by defendant and the case was tried upon that theory alone. In plaintiff's brief on appeal he raises the point that there was an implied warranty by defendant that he was entitled to assign an interest in the lease. Since the question of implied warranty was not pleaded it cannot be relied upon in support of the action. (*Barrios* v. *Iwaki,* 32 Cal.App.2d 198, 200 [89 P.2d 417]; *Bailey Trading Co.* v. *Levy,* 72 Cal.App. 339, 345 [237 P. 408].) Furthermore the action was tried on the sole theory of fraud, hence the contention that there was an implied warranty is not now available to plaintiff. An appellate court need not consider a theory of a case different from that urged in the trial court and presented for the first time on appeal (*Grimes* v. *Nicholson,* 71 Cal.App.2d 538, 543 [162 P.2d 934]; *Engleman* v. *Malchow,* 91 Cal.App.2d 341 [205 P.2d 413]) and in this case will not do so.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.