No. 22524.

MEREDITH WILLIAMS AND MARY LOUISE WILLIAMS *v.*
PETER H. GULICK AND SUE S. GULICK.
(461 P.2d 211)

Decided November 17, 1969. Rehearing denied December 8, 1969.

Donald E. LaMora, Allen T. Compton, David C. Mize, for plaintiffs in error.

Geddes, Weir, Sparks and O'Brien, Kenneth Sparks, for defendant in error.

*In Department.*

Opinion by Mr. Justice Lee.

Plaintiffs in error, Meredith Williams and Mary Louise Williams, were defendants in the trial court, and defendants in error, Peter H. Gulick and Sue S. Gulick, were plaintiffs. They will be referred to herein as "Williams" and "Gulick."

On July 2, 1963, a written agreement was entered into

by which Gulick agreed to purchase from Williams a dwelling house in Colorado Springs. The purchase price was $22,200, of which $4,200 was paid at the time of the execution of the agreement, and the balance of $18,000 with interest at 6.25% was payable in monthly installments of $165 including taxes and insurance, provided that the total purchase price was payable in full on or before one year from the contract date. By a written addendum this was extended to two years — on or before July 2, 1965. The payment of the balance of the purchase price was required to be accomplished by one of three designated methods: first, by cash; second, by refinancing the existing loan against the property, the proceeds from which were to be paid to Williams; or, third, by assuming the existing loan owed to Security Savings and Loan Association.

The agreement contained an option in favor of Gulick, which could be exercised, upon ninety days written notice to Williams, at any time after two years and before five years from the contract date. This option required Williams to repurchase the property for $22,200, together with any sums spent by Gulick for improvements, not to exceed $1,500. It further provided that the option would be void unless Gulick elected to pay the balance of the purchase price by the second method above designated, that is, by refinancing and specifically through the Prudential Insurance Company at the best available interest rate for a term of thirty years. The intent of the repurchase option was to protect Gulick in the event his employment required him to move from the Colorado Springs area, and the obvious purpose of the Prudential Insurance Company refinancing requirement was to assure Williams that, in the event Gulick did exercise the option, Williams would then have what he considered to be the best available mortgage against the property. It is this repurchase provision which gives rise to the controversy now being considered.

The evidence showed that in 1964 Gulick, with the as-

sistance of Williams, attempted to obtain a thirty-year Prudential loan of $18,000. Prudential indicated that the property in its then condition would not qualify, but offered a thirty-year loan for $16,000. This was rejected on Williams' recommendation and refinancing through Prudential was not accomplished.

The evidence further disclosed that on February 2, 1965, Williams refinanced the loan with Security Savings, increasing the amount of the indebtedness and withdrawing approximately $1,000 of the loan proceeds for his own use. Then, on February 15, 1965, Williams conveyed title to a wholly-owned corporation called "Meredith Williams and Company, Inc." which was the record owner of the property at the time this suit was commenced. Gulick denied prior knowledge of these transactions, claiming they were done without his knowledge or consent.

In May 1965 Gulick advised Williams that his employment required him to move from Colorado and that he would be exercising the option to have Williams repurchase the house. Gulick testified that in this discussion he asked Williams concerning the necessity of completing the full payment of the purchase price before the July 2, 1965 deadline, as Gulick felt it was really quite futile to have the property change hands twice within ten days. He stated that Williams agreed and advised him the best thing to do would be to sell the house to a third person so that they would not have two sales in immediate succession. Williams stated he would commence operations to sell the property. On May 31, 1965, formal written notice of Gulick's election to exercise the option was given Williams who, in response, contended that the notice was premature, two years not having elapsed from the contract date. Gulick testified further that Williams did not indicate he would not repurchase the house until approximately July 20, after the contract deadline by which time Gulick was required to pay the balance of the purchase price to Williams. Williams disputed the foregoing

testimony. However, the undisputed evidence showed that in fact Williams did put up "For Sale" signs on the property and otherwise advertised it. He showed it to prospective purchasers in June and July. In any event, thereafter Williams refused to repurchase, contending Gulick had not paid the full purchase price within the two-year period and had not refinanced through the Prudential Insurance Company as required by the contract.

Again, on August 6, 1965, Gulick in writing demanded that Williams repurchase the property, stating that Gulick was willing and able to complete purchase of the house in any way specified in the contract and in whichever manner would be most helpful to Williams in reselling the house after repurchase. Williams' response was that the conditions of the contract had not been complied with by Gulick and he did not feel obligated to repurchase.

Gulick thereupon filed his complaint seeking specific performance of the repurchase option. Williams answered, denying Gulick had performed the condition precedent to the right to exercise the repurchase option. Williams counterclaimed for specific performance seeking to compel Gulick to purchase the property. By way of reply, Gulick alleged four affirmative defenses — estoppel, waiver, inability of Williams to convey, and what was designated as futility in the requested relief.

After trial to the court, findings were entered which determined that Gulick had fully complied with the contract except for full payment of the purchase price, which the court found to have been waived by Williams; that Williams was estopped to require compliance by Gulick with the refinancing condition precedent to the repurchase obligation; that Williams was unable to specifically perform the contract; and that Williams was not entitled to the specific performance prayed for in his counterclaim. The court further found Gulick was entitled to $400 reimbursement for improvements made to the premises; that he should be awarded $473, being the excess of monthly payments, made by Gulick during his

occupancy of the premises, over and above the fair rental value of the property which the court found to be $150 per month; and that Gulick was entitled to return of the $4,200 down payment made under the contract. Judgment was then entered in Gulick's favor for $5,073 and against Williams on his counterclaim.

Williams asserts the trial court erred in three particulars: 1) the evidence was insufficient to establish a waiver or estoppel which would excuse performance by Gulick of the conditions precedent, and the court's finding was therefore erroneous; 2) the court erred in awarding damages for the difference between the payments required by the contract and the fair rental value of the property; and 3) the court erred in not granting Williams' counterclaim for specific performance.

I.

The first error asserted relates to the sufficiency of the evidence to establish a waiver and estoppel which would excuse the performance of Gulick's obligation to pay the full purchase price by July 2, 1965, by means of refinancing through the Prudential Insurance Company. Williams relies on the rule set forth in *Miller v. Carmody*, 152 Colo. 353, 384 P.2d 77, where this Court stated that, before specific performance may be decreed, the party seeking such relief must have himself performed or offered to perform, or shown sufficient excuse for not performing, all conditions required of him by the agreement. Williams' contention is that evidence of excuse for not performing in the present case is not clear and convincing, and therefore legally insufficient to support a finding of waiver and estoppel.

As heretofore pointed out, the facts and circumstances concerning the waiver and estoppel which Gulick relies upon were disputed. Under this state of the evidence, our duty is to determine if there was substantial evidence, even though disputed, to support the trial court's findings. We reiterate the testimony of Gulick which, if believed by the court, in our opinion amply supports the

finding of waiver and estoppel: that Williams agreed with Gulick that it would be futile for Gulick to pay the balance of the purchase price, take title to the property, then immediately resell it and reconvey to Williams; that it was agreed that the better course of action would be to sell it to a third person, thereby leading to Williams' immediate efforts to sell the property by showing it to prospective customers during June and July, and this without any suggestion on Williams' part that he would insist upon strict compliance with the conditions of the repurchase option; and that on July 20, after the contract deadline for performance had passed, Williams announced he would not repurchase because Gulick had not performed the contract conditions.

A reasonable inference from such facts is that Williams waived the right to insist upon strict performance of the repurchase provisions, and that Gulick was therefore justified in relying on Williams' declarations and course of conduct in this respect, thus estopping Williams from thereafter pursuing the claim of right to such performance. In *Wishered v. Noonen,* 71 Colo. 218, 205 P. 530, the court stated:

"Waiver is a matter of fact to be shown by the evidence. It may be shown by express declarations, or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage, or it may be shown by a course of acts and conduct, and in some cases will be implied therefrom. It may also be shown by so neglecting and failing to act as to induce a belief that there is an intention or purpose to waive. Proof of express words is not necessary, but the waiver may be shown by circumstances, or by a course of acts and conduct which amounts to an estoppel."

See also *Dreier v. Sherwood,* 77 Colo. 539, 238 P. 38; and *Heagy v. Steinmark,* 66 Colo. 200, 180 P. 93. The court here chose to believe Gulick and not Williams concerning these disputed matters. We find no error in the court's

conclusion that waiver and estoppel were sufficiently proven in this case.

## II.

 Concerning the award of $473 for the difference between the fair rental value of the property during Gulick's occupancy and the current monthly payments made by him under the purchase contract, Williams contends that this award was erroneous in that it was not provided for in the contract. Although the contract mentioned a rental figure to be accounted for in the event of failure of title, as Williams contends, such provision would not be applicable in the present circumstances where the court granted specific performance of the repurchase option. Under these circumstances Gulick would not be accountable for rent for his use of the premises, he being the beneficial owner of the property until repurchase by Williams. However, he would be entitled to a repayment from Williams of all payments applied toward the purchase price, not only the $4,200 down payment, but also that portion of the monthly payments applicable to principal under the existing loan at the date of the contract. It is apparent from an examination of the record that had the court followed this theory of claim the amount due Gulick as reimbursement for that portion of the monthly payments applicable to principal would have exceeded the $473 awarded Gulick by the court. Gulick has claimed no cross-error concerning this award and, inasmuch as it is less than what he would have been entitled to had the court applied the correct theory, the error cannot be considered prejudicial to Williams. We consider Williams' second claim of error to be without merit.

## III.

The answer to Williams' third alleged error — the court's failure to grant specific performance as prayed for in his counterclaim — is found in our discussion affirming the court's judgment in granting Gulick specific performance of the repurchase option, and no further

discussion is necessary under these circumstances.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE PRINGLE and MR. JUSTICE GROVES concur.