Tess A. **WERNER**, Plaintiff-Appellee,

v.

Carroll H. **BAKER**, David E. Parsons and Leoma M. Parsons, Davoma, Inc. d/b/a Westwood Liquors, a Colorado corporation, and All Other Occupants, Defendants-Appellants.

No. 83CA0179.

Colorado Court of Appeals,
Div. III.

Sept. 27, 1984.

Rehearing Denied Nov. 8, 1984.

Richard E. Young, Cornelia W. Keatinge, Denver, for plaintiff-appellee.

J. Reid Lichtenfels, Carol S. Raznick, Denver, for defendants-appellants David E. Parsons and Leoma M. Parsons.

Douglas S. Rouse, Lakewood, for defendants-appellants Davoma, Inc. and Carroll H. Baker.

KELLY, Judge.

In this forcible entry and detainer action, defendants, David E. and Leoma M. Parsons, Carroll H. Baker, and Davoma, Inc., appeal from a judgment of the trial court holding them liable to the plaintiff, Tess A. Werner, for increases in rent and attorney's fees and restoring possession of the property to plaintiff. We reverse.

The Parsons leased from Werner, under two leases, a building in which they operated a liquor store known as Westwood Liquors. One lease governed the ground floor in which the store was located, and the second governed the upper floor, containing two apartments. Both leases granted the lessor, Werner, power to terminate the lease should the lessee, Parsons, assign or sublet the lease without Werner's written consent.

On August 6, 1980, Parsons and Werner executed a document titled "Consent and Assignment of Lease" whereby Werner consented to the assignment of "the lease" by Parsons to Davoma, a corporation wholly owned by Parsons and formed for tax purposes to assume the operation of Westwood Liquors. From August of 1980 through February of 1981, Werner accepted and deposited, without objection, monthly rent checks signed by Parsons and drawn on the account of Davoma, Inc., d/b/a Westwood Liquors, covering both leases.

On October 15, 1980, Parsons entered into an agreement to sell all of the stock of Davoma to Baker. Shortly after the sale closed on February 16, 1981, Parsons notified Werner that he had sold Davoma to a new owner. Approximately one month later, Werner met the new owner, Baker, and

learned of his intent to sublet one of the upstairs apartments. Although she advised him he could not sublease the apartment, she knew within a week of that visit in mid-March of 1981 that the apartment had in fact been sublet. Nevertheless, Werner accepted and deposited, without objection, rent checks signed by Baker covering both leases for March, April, and May 1981. Werner stopped accepting rent in June 1981.

On January 28, 1982, Werner began this forcible entry and detainer action to regain possession of the premises and to obtain increased rent, alleging that the assignment of "the lease" to Davoma and sale of Davoma to Baker breached the ground floor lease and that Baker's subletting of the upstairs apartment breached the upper floor lease. After a trial to the court in which all evidence was presented by stipulation, depositions, and exhibits, the trial court entered judgment for Werner, finding that the Consent and Assignment of Lease lacked consideration; that the sale of Davoma to Baker violated the anti-assignment clause of both leases, thereby breaching both leases as of February 16, 1981; and that Werner had not waived her right to terminate the leases by accepting rent through May of 1981. Finding also that the sale by Parsons of Davoma to Baker was "willful and wanton," the court awarded punitive damages to Werner in the amount of her reasonable attorney's fees.

Defendants contend that the trial court erred in finding that Werner had not waived her right to terminate. Werner, however, relying on *Williams v. Gulick*, 170 Colo. 347, 461 P.2d 211 (1969) and *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979), argues that because waiver is a question of fact, the trial court's finding of no waiver cannot be disturbed on appeal.

■ We conclude we are not bound by the trial court finding and that the finding was erroneous. When, as here, the facts are presented to the trial court by stipulation, deposition, and other documentary material, a reviewing court may draw its own conclusions from the evidence. *Colo-rado River Water Conservation District v. Municipal Subdistrict*, 198 Colo. 352, 610 P.2d 81 (1979).

■ As a general rule, any act by a lessor which recognizes the existence of the lease, after the lessor has learned of a breach of the lease creating a right to terminate, constitutes a waiver of the lessor's right to terminate. *Merkowitz v. Mahoney*, 121 Colo. 38, 215 P.2d 317 (1949); *Sung v. McCullough*, 651 P.2d 447 (Colo. App.1982); *Kelley v. Morgan*, 42 Colo.App. 223, 595 P.2d 1058 (1979). Specifically, the lessor's acceptance of rent accruing after the breach of an anti-assignment clause, with knowledge of the breach, constitutes a waiver of the right to terminate the lease for breach of that clause. *See Martin v. Auerbach*, 94 Cal.App.2d 222, 210 P.2d 321 (1949); *Smith v. Hegg*, 88 S.D. 29, 214 N.W.2d 789 (1974); *Jensen v. O.K. Investment Corp.*, 29 Utah 2d 231, 507 P.2d 713 (1973); 1 *American Law of Property* § 3.58 (A.J. Casner ed. 1952). *See also Merkowitz v. Mahoney, supra; Kelley v. Morgan, supra; Mageon v. Alkire*, 41 Colo. 338, 92 P. 720 (1907).

■ Here, Werner continued to accept rent for at least two months after learning of Baker's subletting of the upstairs apartment; for three months after learning of the sale of Davoma to Baker; and for ten months after learning of the assignment of "the lease" from Parsons to Davoma. Thus, regardless of which lease the Consent and Assignment of Lease was intended to modify, and regardless of whether any specific consideration would support the Consent and Assignment of Lease as a separate contract, Werner has, by her knowing acceptance of rent accruing after the alleged breaches of both leases, waived any right she may have had to terminate the leases. *Martin v. Auerbach, supra; Smith v. Hegg, supra.*

Werner argues that she has not waived her right to terminate created by the sale of Davoma to Baker because during the three months she accepted rent from Baker without objection she was negotiating with

him for the purchase of the building. Werner cites no authority, however, and we have found none, holding that, in the absence of litigation, negotiations necessarily negate the waiver otherwise resulting from the lessor's unqualified acceptance of rent following a known breach. *Cf. Merkowitz v. Mahoney, supra.*

Our reversal of the judgment as to possession and actual damages requires a reversal of the award of attorney's fees. Section 13–17–101, C.R.S.; *Armijo v. Ward Transport, Inc.*, 134 Colo. 275, 302 P.2d 517 (1956); *Leo Payne Pontiac, Inc. v. Ratliff*, 29 Colo.App. 386, 486 P.2d 477 (1971).

The judgment is reversed as to possession, damages, and attorney's fees.

TURSI and METZGER, JJ., concur.