## Margaret Coles *vs.* Harvey C. Shepard.

### June 8, 1883.

**Specific performance — Provision making Time Essential and giving Vendor option to Forfeit on Failure by Purchaser to Perform in Time.**—By the terms of a sealed contract for the sale and conveyance of land, the purchase price was to be paid in instalments at stated times. The contract provided that "upon the just and full payment of said sum (*i. e.*, the price) at the times above stated, time being made the essence of this contract, the party of the first part will, at her own expense, execute and deliver to the party of the second part a good and sufficient warranty deed, * * * and the said party of the second part agrees to make payment * * * promptly at the times above stated, * * * and, in case of a failure to make payments as aforesaid, at the option of first party this agreement may be declared null and void, and all payments thereon be declared null and void and forfeited." *Held*, that the effect is to authorize the party of the first part to treat time as essential, by declaring the contract null and void, and not otherwise; and that such declaration must

be made to the party of the second part or her successor in interest, and that, until such declaration is made, the contract is not annulled, but in force. The facts and circumstances of the case considered, and *held* to entitle the party of the second part to a specific performance.

Appeal by defendant from an order of the district court for Washington county, *Crosby*, J., presiding, refusing a new trial. The case is stated in the opinion.

*Gregory & Lee*, for appellant.

The contract of which specific performance is sought in this action is one of which time is the essence. The parties had a right to make it. The contract, having been broken, should not be enforced. A court of equity has no right to interfere to make a new contract which the parties have not made. *Taylor* v. *Longworth*, 14 Pet. 172. *Green* v. *Covillaud*, 10 Cal. 317; *Grey* v. *Tubbs*, 43 Cal. 359; *Potter* v. *Tuttle*, 22 Conn. 512; *Smith* v. *Brown*, 5 Gil. (Ill.) 309; *Kemp* v. *Humphreys*, 13 Ill. 573; *Milnor* v. *Willard*, 34 Ill. 38; *Heckard* v. *Sayre*, 34 Ill. 142; *Steele* v. *Biggs*, 22 Ill. 643; *Phelps* v. *Ill. C. R. Co.* 63 Ill. 468; *Davis* v. *Stevens*, 3 Iowa, 158; *Armstrong* v. *Pier*, 5 Iowa, 317; *Richmond* v. *Gray*, 3 Allen, 25; *Barnard* v. *Lee*, 97 Mass. 92; *Benedict* v. *Lynch*, 1 John. Ch. 370; *Wells* v. *Smith*, 7 Paige, 22; *S. C.* 2 Edw. Ch. 78; *Leggett* v. *Edwards*, Hopk. Ch. 530, 549; *Hubbell* v. *Von Schoening*, 49 N. Y. 326; *Delavan* v. *Duncan*, Id. 485; *Merchants' Bank* v. *Thomson*, 55 N. Y. 7; *Kirby* v. *Harrison*, 2 Ohio St. 326; *Scott* v. *Hickox*, 7 Ohio St. 88; *Westerman* v. *Means*, 12 Pa. St. 97; *Bodine* v. *Glading*, 21 Pa. St. 50; *Reed* v. *Breeden*, 61 Pa. St. 460; *Thompson* v. *Dulles*, 5 Rich. Eq. 370; *Prothro* v. *Smith*, 6 Rich. Eq. 324; *White* v. *Bennett*, 7 Rich. Eq. 260; *Doar* v. *Gibbes*, Bailey, Eq. (S. C.) 363; *Willis* v. *Forney*, Busbee, Eq. (N. C.) 256; *Hipwell* v. *Knight*, 1 Younge & Coll. 415; *Hudson* v. *Temple*, 29 Beav. 536; *Honeyman* v. *Marryat*, 21 Beav. 14; *Lloyd* v. *Collett*, 4 Brown, Ch. 469; *Harrington* v. *Wheeler*, 4 Ves. 686; *Omerod* v. *Hardman*, 5 Ves. 722; *Alley* v. *Deschamps*, 13 Ves. 225.

*Marsh & Searles*, for respondent, cited *Young* v. *Daniels*, 2 Iowa, 126; *Armstrong* v. *Pierson*, 5 Iowa, 317; *McClarty* v. *Gokey*, 31 Iowa, 505; *Murphy* v. *Lockwood*, 21 Ill. 610; *Thompson* v. *Bruen*, 46 Ill. 125; *National Land Co.* v. *Perry*, 23 Kan. 140; *Gorham* v. *Luckett*, 6

B. Mon. 146; *Jones* v. *Robbins*, 28 Me. 351; *Richmond* v. *Robinson*, 12 Mich. 193; *Edgerton* v. *Peckham*, 11 Paige, 352; *Willard* v. *Tayloe*, 8 Wall. 557; *Seton* v. *Slade*, 7 Ves. 265; *Hall* v. *Delaplaine*, 5 Wis. 206; *In re Dagenham Dock Co.*, L. R. 8 Ch. App. 1022; *Benson* v. *Cutler*, 53 Wis. 107; Pomeroy on Contracts, §§ 318, 337, 393.

BERRY, J. This is an action to enforce specific performance of a sealed contract to convey certain land, executed by Mrs. Anderson, owner of the land, (her husband subscribing in token of his assent,) to the plaintiff. The purchase price was to be paid in 14 instalments of $30 each; the first, July 23, 1879, and one every three months thereafter (without interest) till the whole was paid. The contract provided that "upon the just and full payment of said sum (*i. e.*, the price) at the times above stated, time being made the essence of this contract, the party of the first part will, at her own expense, execute and deliver to the party of the second part a good and sufficient warranty deed of the above-described premises, free and clear from all incumbrances except taxes or liens from and since October 1, 1877; and the said party of the second part agrees to make payment of the said purchase price of said premises promptly, at the times above stated, to the party of the first part; and in case of a failure to make payments as aforesaid, at the option of first party this agreement may be declared null and void, and all payments made thereon be declared null and void and forfeited."

The first nine instalments were paid, but the tenth, falling due October 23, 1881, was not. The court below finds that the reason why the tenth instalment was not paid, was that "the plaintiff was negotiating with the said Margaret Anderson and her agent to pay the full amount due and to become due, and to receive a deed of said real estate at once, and was waiting to receive an answer to her proposition to do so." Taking the word "negotiating" in a popular, though somewhat loose, sense, we are of opinion that there is evidence in the case to sustain this finding. On December 1, 1881, Mrs. Anderson and her husband conveyed the land to the defendant, by a deed upon its face "made subject to the terms and conditions" of the contract to convey to plaintiff, upon which this action is based. There is no evidence that Mrs. Anderson or the defendant ever de-

clared the contract null and void. In addition to the clause above quoted from the deed to defendant, it appears that, at the time of his (defendant's) purchase, Anderson, speaking (as we understand the testimony) for himself and Mrs. Anderson, informed Shepard that there were $150 still due under the contract, which was all that Anderson or his wife claimed in the land.

We do not feel called upon to determine what would have been the legal effect of the provision making time the essence of the contract, if it was unqualified; for, in our opinion, it is materially qualified by the subsequent provision authorizing Mrs. Anderson, (in case of plaintiff's default,) *at her option,* to declare the contract null and void. With this qualification, the result is certainly no more than to authorize Mrs. Anderson to treat time as essential by declaring the contract null and void, and not otherwise. This declaration must be made to the plaintiff or her successor in interest. Until it is made, the option is not exercised, and the contract is not annulled, but in force. But upon the findings of the court, which appear to us to be supported by the evidence, we are of opinion, not only that the contract has not been annulled, but that there was a waiver on the part of Mrs. Anderson of strict performance of the terms of the contract as to payments. Anderson appears to have assumed to act for his wife in the premises without any objection on her part, and to have made an arrangement with plaintiff by which the latter was to pay the whole balance of unpaid purchase-money, and receive a deed, without waiting for all the instalments to fall due. The position of the case is, then, this: The contract has not only not been annulled, but it is expressly recognized as subsisting in the deed to defendant of December 1st, as well as in the statements of Anderson at the time of defendant's purchase. A substituted performance of the contract upon plaintiff's part has, in effect, been agreed upon by the parties, of which the plaintiff has duly and promptly made tender.

We see no reason why the contract should not be specifically enforced in plaintiff's favor. It must be confessed that, to sustain some of the material findings of fact, the evidence requires to be treated with great liberality, but we think the general theory of the trial court finds strong countenance in the improbability that the

plaintiff, (who was in possession under the contract,) after having paid nine instalments of purchase-money, and made improvements of the value of $3,000 upon the land, could have intended to jeopardize her right to acquire the same by neglecting to make a $30 payment which she had abundant means in hand to make, or that Mrs. Anderson could have understood that the plaintiff was acting with any such intention in delaying the payment.

It appears that defendant paid the taxes on the land for 1881, as was necessary before he could have his deed recorded. It is claimed that plaintiff's tender should have been large enough (as it was not) to include these taxes. But the contract sought to be enforced required the payment of the purchase price only, to entitle plaintiff to a deed. It did not require her to pay any taxes, nor to reimburse any one who did pay them. Nor was Mrs. Anderson, or her successor in interest, under any obligation to plaintiff to pay them, for the contract expressly provides for a deed free from all incumbrances, "except taxes or liens from and since October 1, 1877." Such payment or reimbursement was, therefore, not a condition precedent to plaintiff's right to a deed. In the exercise of its just equitable authority, in cases of this kind, it would have been very proper for the court below, in decreeing specific performance, to have required plaintiff to pay the taxes which Shepard had been compelled to pay in order to get his deed recorded, and which, in justice, were, as respected the public, a proper burden upon the plaintiff; but it does not follow that plaintiff should, therefore, have included their amount in his tender, especially when it is considered that, at the time of the tender, they were not delinquent, and that it does not appear that plaintiff then knew that they had been paid.

The defendant makes the point that R. M. Coles was not a competent witness in the case, because he was plaintiff's husband. It is a sufficient answer to say that the witness was not objected to. The objection taken went not to *his* competency, but to the competency of the testimony proposed to be given by him.

This disposes of all the defendant's positions which we deem it necessary to discuss, and the result is that the order denying a new trial is affirmed.