AASE BOYUM *vs.* OLE A. JOHNSON, *et al.*

Opinion filed May 4, 1899.

**Vendor and Purchaser—Construction of Contract.**

> In a contract of sale of real property it was provided that payment should be made by delivering to the vendor, in an elevator, the one-half of all grain raised on the premises each year, and that until such delivery the title to the entire crop should remain in the vendor. *Held*, nevertheless, that while the contract remained in force the vendee was entitled to the possession of said crop for the purpose of threshing and preparing it for delivery as specified in the contract.

**Default—Waiver.**

> Where, in such a contract, it was provided that default in the performance of any of the covenants therein contained should, at the election of the vendor, render such contract void, and there was a default in the covenant to pay taxes, and after such default the vendee, with the knowledge of the vendor, proceeded to expend labor and money in planting and producing a crop upon said land, *held* that, after such crop was produced, it was too late for the vendor for the first time to give notice of his election to declare

the contract void by reason of such default, and thereby secure the entire crop. Under such circumstances the law conclusively presumes that the default was waived.

Appeal from District Court, Sargent County; *Lauder, J.*

Action by Aase Boyum against Ole A. Johnson and others for the conversion of certain grain to which plaintiff claimed title under a farm contract. Judgment for defendants, and plaintiff appeals. Affirmed.

*Morrill & Engerud,* for appellant.

Plaintiff was the absolute owner of the crops on the land in question, subject to Dahlen's right of possession under the terms of the contract. *Angell* v. *Egger,* 6 N. D. 391. Dahlen failed to pay the taxes for 1894 and 1895, and expressed a determination to abandon the contract. Plaintiff terminated the contract for this default. The defendants' act, therefore, in threshing the grain was a conversion. Bigelow, Leading Cases in Tort, 444, 26 Am. & Eng. Enc. L. 733, 734, notes 4 a-b; 5 Am. & Eng. Enc. L. (1st Ed.) 528, Sec. 2; *Bristol* v. *Burt,* 7 Johns, 254; *Connah* v. *Hale,* 23 Wend. 462. Every person who aids a wrong doer in the act of conversion is jointly liable with him. 2 Hillard on Torts, 243; *Barmer* v. *Schlessinger,* 76 N. W. Rep. 116; *Osborne* v. *Plano Mfg. Co.,* 70 N. W. Rep. 1124. The defendants, as wrongdoers, have no concern with existing equities between plaintiff and Dahlen. *Adamson* v. *Peterson,* 24 N. W. Rep. 321, 26 Am. & Eng. Enc. L. 819.

*S. M. Lockerby* and *P. H. Rourke,* for respondents.

Plaintiff waived a forfeiture for nonpayment of taxes. No notice was given defendant of an election by plaintiff to declare the contract void. To have availed appellant he should have acted with diligence and make his election at the time the default took place. *Haugen* v. *Kerr,* 68 N. W. Rep. 695; *Basse* v. *Galager,* 7 Wis. 448; *O'Connor* v. *Hughes,* 35 Minn. 446, 29 N. W. Rep. 152; *Cole* v. *Shepard,* 30 Minn. 446, 16 N. W. Rep. 153.

BARTHOLOMEW, C. J. Plaintiff brought this action against the defendants as co-partners, and sought to recover the value of certain grain of which she claimed she was the owner in possession, and which the defendants wrongfully took and converted to their own use. The answer was in denial, and on the trial the defendants had a directed verdict in their favor. The judgment rendered on the verdict must be affirmed. In 1893 the plaintiff sold to the defendant Dahlen a certain tract of land in Sargent county, in this state. The contract provided that the purchase price should be paid by delivering one-half of the crop raised upon the land in each year at a certain elevator in the vendor's name, which should be sold by the vendor, and the proceeds applied to such payment. The vendee covenanted to farm the land in proper manner, to raise not less than a specified number of acres of grain each year,

and to pay all taxes assessed upon the premises before the same should become delinquent. The grain was to be delivered at the elevator within a reasonable time after threshing, and it was stipulated that, until one-half of the grain should, be so delivered, the title to the whole should remain in the vendor. It was also provided that, in case of default in the performance of any of the covenants contained therein, the agreement should be void at the election of the vendor, and the vendee would, on demand, surrender possession, etc. The grain in question was raised by Dahlen on the premises in the year 1896. It is not claimed that up to that time there had been any default in the delivery of grain, but the taxes for 1894 and 1895 had not been paid. To that extent a default existed, but plaintiff had never given the vendee any notice of her election to declare the contract void by reason of such default, nor had she ever demanded the possession of the premises. During the harvest of 1896 something was said on various occasions by the vendee, in conversation with plaintiff's agent, about throwing up the contract, and taking a lease for the next year; but we do not understand that any claim is made that there was an actual surrender of the contract. But, be that as it may, it would not alter the rights of the parties to the crop of 1896. The defendant Dahlen, who was the vendee under the contract, was also interested with his co-defendants in the ownership of a certain threshing machine. This machine was brought upon the premises in the fall of 1896 to thresh the crop. Plaintiff appeared, by her agent, before the threshing was begun, and forbade the parties in charge from threshing the grain. This order was disregarded, and the grain was threshed, and it is this act of threshing the grain against her wishes and commands that plaintiff claims constitutes conversion. There was no conversion. Treating the contract as in force, at least for the purpose of disposing of the crop of 1896, notwithstanding the fact that under the contract the title to the crop was in plaintiff, the vendee, Dahlen, had the right to the possession of the crop in order to thresh and prepare it for delivery at the elevator. To hold otherwise would be to hold that the vendor had it in her absolute power at any time to force a default on the part of the vendee. Dahlen, having a right of possession, had a right to say what machine should or should not be used in threshing the grain; otherwise, the same result would follow. If the contract was in force, there could be no conversion. But it is urged that the vendee was in default in the matter of taxes. But such default had been clearly waived. It occurred long before. No action whatever had been taken thereon. It was not competent for the vendor to sit by after the default, and see the vendee expending his time and money in producing a crop, and, after the crop was produced, to step forward, and undertake to take advantage of such default, and deprive him of what he had produced, relying upon a waiver of the default. He who would take advantage of such a default must act promptly, and must not permit the other party to expend

money and labor relying upon the existence of the contract. *Fargusson* v. *Talcott*, 7 N. D. 183, 73 N. W. Rep. 207; *Coles* v. *Shepard*, 30 Minn. 446, 16 N. W. Rep. 153; *O'Connor* v. *Hughes*, 35 Minn. 446, 29 N. W. Rep. 152. In the case at bar the vendor never at any time or in any manner notified the vendee of her election to declare the contract void, and by the express terms of the contract such an election was necessary to terminate the contract. The contract being in force, Dahlen's right of possession must be upheld; hence those who acted under his instructions in threshing the grain could not have been guilty of conversion.

Something was said in the trial court about a right to possession in the vendor under a seed lien, but we understand that to be abandoned in this court as untenable. The judgment of the district court is affirmed. All concur.