No. 10,010.

WISHERED v. NOONEN.

Decided March 6, 1922.   Rehearing denied April 3, 1922.

Action in damages for breach of contract for purchase and sale of land.   Judgment of dismissal.

*Reversed.*

1. CONTRACT—*Waiver.* Waiver is a question of fact to be established by proof.   It may be shown by express declarations; or by the party so neglecting to act as to induce a belief that there is an intention to waive; or by a course of acts and conduct which amounts to an estoppel.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. N. WALTER DIXON, Mr. S. R. ROBERTSON, for plaintiff in error.

Messrs. HENRY & FERGUSON, Mr. J. E. ROBINSON, for defendant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

PLAINTIFF, Wishered, made a contract with defendant, Noonen, for the purchase of certain land for $55,040.00, of which $4,360.00 was paid down, the balance to be paid in instalments.   Wishered went into possession of the land, and so continued from the date of the contract, December 6, 1915, until November 20, 1916.   During this period he paid on the purchase price and interest an additional $3,001.60, making a total payment of $7,361.60.

On November 20th, 1916, the contract was abandoned by mutual consent, and in consideration of the payments theretofore made, defendant gave Wishered a new contract or option to purchase the land, at a price reduced from the original sum fixed to the extent of the payments Wishered

had already made. The amount, which was to be paid in instalments under the option contract was $50,062.92. The first instalment became due on May 1, 1917. The new contract had the following provisions:

"Time shall be the essence of this proposal, and if you fail to make the payment falling due on or before the 1st day of May, 1917, or any subsequent payments, as and when the same shall fall due as herein provided, or shall fail to pay the taxes against the said premises as and when the same shall become due and payable, then this writing shall, at the option of the undersigned, become absolutely null and void and of no force and effect, and any payments which you may have theretofore made shall belong to me as liquidated and agreed damages and as compensation for the use and occupancy of said premises."

Plaintiff remained in possession under this option long after the first day of May, 1917, when the instalment of $8,782.90 fell due. He failed to make the payment then and presently thereafter defendant demanded the same, or at least $2,000.00 of it. Plaintiff replied that he could not then pay the $2,000.00 but would make arrangements to do so soon. Noonen responded that it would not be necessary for Wishered to raise the money, as he, Wishered, would be able to sell the land shortly, and could then make payment. It appears that thereafter, and until July 5, 1917, defendant frequently consulted with plaintiff in regard to the sale of the land, was cognizant of plaintiff having negotiations with prospective purchasers, and made no further demand for payment of the overdue instalment, but allowed and encouraged plaintiff to continue his efforts to effect a sale.

Notwithstanding this situation, on July 7, 1917, defendant, without notice to or demand upon plaintiff, sold the land covered by the option to another. Plaintiff brought this action for damages in the sum of $15,000.00. Defendant filed a general demurrer, which was sustained. Plaintiff elected to stand upon his case as made, and a judg-

ment of dismissal was entered. It is that judgment which is now here for review.

There is no dispute of fact. The only question is whether defendant by his words and acts waived his right to terminate the option at the time the first instalment was due. As to the manner in which waiver may be effected it is said in 40 Cyc. 267:

"Waiver is a matter of fact to be shown by the evidence. It may be shown by express declarations, or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage, or it may be shown by a course of acts and conduct, and in some cases will be implied therefrom. It may also be shown by so neglecting and failing to act as to induce a belief that there is an intention or purpose to waive. Proof of express words is not necessary, but the waiver may be shown by circumstances, or by a course of acts and conduct which amounts to an estoppel."

It is contended by defendant in error that the option in question, having expired by its terms because of the failure of plaintiff to make payments as agreed, he, the defendant, had a right to declare it forfeited at any time, and retain the money paid. Ordinarily that might be the case, but under the facts alleged in the complaint, the truth of which is admitted by the demurrer, defendant in legal effect extended the option until such time as plaintiff either sold the land, or made the past due payment, or until he had formally given notice of his intention within a reasonable time limit to declare the option at an end. Upon the facts and circumstances as set out in the complaint, the action of the court in sustaining the demurrer to it, and in entering a judgment of dismissal, were both erroneous. The judgment is therefore reversed, and the cause remanded, for further proceedings in harmony with the views herein expressed.

MR. JUSTICE TELLER and MR. JUSTICE BURKE concur.