## No. 15,570.

### MICHELI *v.* TAYLOR ET AL., doing business as TAYLOR COAL MINING COMPANY.

(159 P. [2d] 912)

Decided May 28, 1945.

Mr. JOHN J. MORRISSEY, Mr. CHARLES T. MAHONEY, Mr. WILLIAM H. SCOFIELD, Mr. HAROLD G. KING, for plaintiff in error.

Mr. JOHN N. MABRY, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

DEFENDANTS in error brought action for specific performance of the following contract: "Received of The Taylor Coal Mining Co. of Walsenburg, Colo., one Dollar and other valuable consideration for my entire interest in the lands and properties formerly belonging to the Pio Michelli estate purchase price balance of $7,000 to be paid on or before 12 months from date and covered by a partial Deed of Trust on the Rapson mine property and bearing 3% interest.

"James Micheli."

 Motion to dismiss in the nature of a general demurrer was denied, the issues were tried to the court and judgment was entered decreeing specific performance, review whereof is sought by defendant below, plaintiff in error here. The evidence is not before us so we must assume that it justified the findings of the trial court that the purchase price stated in the contract is fair and equitable, and that the contract is one which the court should properly require to be performed.

 Error is assigned first, in that it is asserted that the contract does not satisfy the requirements of the statute of frauds and affords no proper basis for the complaint. To be subject to specific performance, a contract must be complete, certain and definite in its material terms; however, where otherwise complete, it is not necessary that the writing should furnish the sole evidence of such certainty and definiteness; these may be supplied either by reference to other documents or parol evidence as to extrinsic facts.

 As we declared in *Eppich v. Clifford,* 6 Colo. 493, the memorandum to comply with the statute, "must show on its face, or by reference to other writings, first, the names of the parties, vendor and vendee; second, the terms and conditions of the contract; third, the interest or property affected; and fourth, the consideration to be paid therefor," and further, "If the names and intention of the contracting parties can be determined with *reasonable certainty* from the language of the instrument, and a valid contract is thereby disclosed, specific performance may be decreed thereon." The memorandum in the Eppich case is strikingly similar to that in the case at bar, and it was there held that the agreement to purchase, and names of the parties were sufficiently shown. Here, the words "Received * * * one Dollar and other valuable consideration for my entire interest," import obligation to sell, and the words, "purchase price balance of $7,000 to be paid," import obligation to purchase.

■ The property intended to be conveyed, to wit: "My entire interest in the lands and properties formerly belonging to the Pio Micheli estate," is sufficiently identified to permit its designation by other documentary or parol evidence.

In *Oles v. Wilson,* 57 Colo. 246, 141 Pac. 489, specific performance was sought of an agreement whereby one Macky agreed to bequeath "a portion amounting in the minimum to or sum equal to not less than one-third (1-3) of the valuation of his entire estate." The property was held sufficiently identified and the agreement not void for uncertainty of description.

In *Perry v. Wilson,* 183 Ky. 155, 208 S.W. 776, a deed conveying "all of the grantor's interest, in the real estate of his father, R. H. Helton, deceased" was held sufficiently certain to permit designation by parol proof of the property conveyed, and in *Ryder v. Loomis,* 161 Mass. 161, 36 N.E. 836, an agreement reciting sale of "my right in Benjamin Ryder's (my father) estate" was held to constitute a sufficient description to comply with the statute upon showing by parol evidence the positions of the parties and their relation to any property that would satisfy that description.

In *Ames v. Ames,* 46 Ind. App. 597, 91 N.E. 509, an agreement by one to sell "all of her interest in the real estate formerly owned by Augustus Ames, deceased," was held sufficiently definite and certain. Other similar cases are cited in that opinion.

■ The phrase "lands and properties" in the contract here involved prima facie covers personal property as well as real estate. The word "property" ordinarily is construed as including both real and personal and there is nothing in the context or surrounding circumstances to indicate any other intention in this agreement. The use of the words "and properties" following the word "lands" was useless repetition unless it was intended to broaden the agreement and make it inclusive of personal as well as real properties.

262

■ Objection is further made that the agreement does not state the purchase price and time and manner of payment. It does recite the receipt of one dollar and other valuable consideration and specifies the balance of purchase price to be $7,000. The complaint alleged, and the trial court found, that the amount of the actual payment receipted for was $1,000 so that the full consideration was $8,000. Where part payment is recited in a contract, the amount or value of consideration previously paid is not an essential element of the agreement, and it is sufficient compliance with the statute if it expresses the consideration remaining unpaid. The provision of the contract for payment on or before twelve months from date permits immediate payment in cash and the tender of such payment makes it unnecessary to construe the optional provision as to a deed of trust.

■ ■ Error also is assigned to certain provisions of the decree. An agreement to convey, unless otherwise provided, obligates conveyance of title in fee and free from lien or encumbrance and the decree entered below was proper in so providing. There was no allegation in the complaint, or finding, as to any expenses for which judgment should be entered against defendant other than the costs of suit. Therefore, the provision in the decree for conveyance upon delivery of the sum of $7,000 "less the expenses of this action incurred" should have the word "expenses" changed to "costs." Further, there is no provision in the contract providing for warranty deed and the decree should not provide for covenants of warranty in the conveyance. Defendant in his brief has not considered the description of real estate and personal property as set out in the decree; however, in any suit for specific performance of a contract to convey property designated as in the contract here sought to be enforced, the description of the property intended to be included should be specifically set out in the complaint and established by proper evidence.

Certain personal property and real estate were definitely identified as being the property intended to be covered by the agreement set out in plaintiff's complaint, and the ownership thereof was specifically admitted in defendant's answer. This specific property must have been the property contemplated by defendants in error in the making of their agreement to purchase, and the property intended by plaintiff in error to be sold, therefore such property is all that he should now be compelled to convey. Accordingly, the provisions in the decree for specific performance requiring defendant to make conveyance both of this described property "and all and every personal property and properties hereinbefore belonging to the Pio Micheli estate, and of which the defendant inherited an interest therein as an heir at law of the said Pio Micheli, deceased," and "all other real estate and personal property owned by the defendant as an heir at law of Pio Micheli, deceased," and "all other real estate and personal property owned by the defendant as an heir at law of Pio Micheli, deceased, and all the defendant's interest in any and all such real estate and personal property, whether hereinbefore specifically described or not," should be modified by omitting the above quoted clauses, as well as in the other respects hereinabove noted.

As so modified, the judgment of the court below is affirmed.