**V. E. McCRAW, Plaintiff in Error,**

v.

**K. Dave RICHARDSON, Defendant in Error.**

**No. 42931.**

Supreme Court of Oklahoma.

Oct. 7, 1969.

James H. Ivy, Waurika, for plaintiff in error.

Funston Flanagan, Walters, for defendant in error.

DAVISON, Justice.

This action was instituted by K. Dave Richardson, as plaintiff, against V. E. McCraw, as defendant, for specific performance to require the defendant to convey to plaintiff the premises covered in Tract B, hereinafter described. Judgment for plaintiff and defendant has appealed. The parties will be referred to by their trial court designation.

At the time of the auction sale hereinafter mentioned the defendant was the owner and in possession of the following described real estate situated in Cotton County, Oklahoma:

TRACT A: A tract of land beginning at the Northwest Corner of the Southeast Quarter of Section 27, Township 3 South, Range 10 West, of I.M., then East on the North boundary line of said Southeast Quarter of Section 27, Township 3 South, Range 10 West a distance of 984.0 feet; then South 801.0 feet to a point of beginning; thence Southeasterly on an angle of 32° 13″ along the North right of way boundary of State Highway 5 a distance of 500.8 feet; then North a distance 652.1 feet; thence West a distance of 420.0 feet,

then South a distance of 385.1 feet to the point of beginning and containing 5 acres, more or less, save and except mineral reservation now of record.

TRACT B: A strip, piece or parcel of land lying in the Southeast quarter of Section 27, Township 3 South, Range 10 West, Cotton County, Oklahoma, further described by metes and bounds as follows: Beginning 984 feet East and 801 feet South of the Northwest Corner of Southeast Quarter of Section 27, Township 3 North, Range 10 West, thence 182 feet Northwest along the North R/W boundary of State Highway 5, thence 272 feet in a northeasterly direction, thence 320 feet south to the point of beginning, containing ½ acre, more or less, All located in Cotton County, Oklahoma.

The plaintiff alleged that he purchased Tracts A and B from defendant at an auction sale for the consideration of $12,500 and that at the conclusion of the sale a contract for sale was entered into by the parties; that when the deed was issued it contained only the land described in Tract A, upon the representation that said deed conveyed the property described in the contract; that subsequent to the payment of the purchase price plaintiff discovered that defendant had failed to convey the full description of the property covered by the contract which would and should have included the one-half acre described in Tract B; and that plaintiff made demand on the defendant for the conveyance of the land described in Tract B. Soon thereafter this action for specific performance was filed.

The defendant answered by way of a general denial and alleged as a defense the theory that the contract merged with the deed.

The sale was conducted by John Wade Kent, a professional auctioneer, employed by defendant for that purpose. The property was bid in by plaintiff and on that date a contract was prepared by defendant's agent and executed by both plaintiff and defendant. The pertinent part of the contract is as follows:

"THIS AGREMENT, made and entered into this 30 day of September 1965 between V. E. McCraw HEREINAFTER CALLED THE SELLER, AND Dave Richardson HEREINAFTER CALLED THE PURCHASER.

"WITNESSETH, that for the consideration of the conditions herein set forth, and the payments to be made as herein specified, said seller agrees to convey to said purchaser by a warranty deed, with merchantable title, to the following real estate situated in Cotton County, Oklahoma, to-wit:

"5-acres, more or less, now occupied by Temple Auction Sale—includes all buildings on said 5 acres of land—2 adding machines, all supplies, check writer and all other equipment as mentioned in Auction Sale this date for the sum of $12,500.00, of which amount purchaser has deposited this date the sum of $2000.-00, together with a copy of this contract in the 1st National Bank, Temple, Oklahoma * * *."

Following the execution of the contract the defendant delivered to the attorney for plaintiff an abstract which included the lands described in Tract A above. The one-half acre described in Tract B was not covered in the abstract. The attorney for plaintiff approved the title and deed and the full purchase price was paid.

Plaintiff testified that the lands in both Tracts A and B were included in the sale and that he learned only after the purchase price had been fully paid that defendant was claiming the lands described in Tract B.

The evidence is undisputed that defendant had owned the land described in Tract A for a number of years and that the land was fenced; that at a later date (1961) defendant purchased the one-half acre tract described in Tract B and that soon after this latter purchase defendant moved the

fence back so as to include Tract B in the fenced area, so that at time of the sale Tracts A and B were both enclosed within the same fence.

The evidence also shows conclusively that the land described in Tract B was used entirely and exclusively in connection with the business conducted by defendant known as the "Temple Auction Sale;" that it was used in transportation of cattle and for parking purposes incidental to the business of Temple Auction Sale.

The first decisive question to be determined is whether or not the contract, coupled with the events leading up to the execution of the contract, covers the sale of the lands in Tract A alone, or covers the lands in both Tracts A and B.

The auctioneer, Kent, testified that he was employed by the defendant to conduct the sale; that the sale was held at the sale barn located on the involved premises; that both the plaintiff and defendant were present in person; that it was his understanding that "we were selling the barn, the sale arena, the barn, and the land that it was sitting on there. I didn't know exactly how many acres or how many feet front or anything; but there was kind of a fence around it out there, and we thought we were selling what Mr. McCraw owned there."

The plaintiff testified that at the sale the defendant told him all of the lands covered in both Tracts A and B went with the sale; that he trusted defendant and thought all of the land involved herein was included in the deed; that he was informed by defendant about two months after the sale that defendant still claimed ownership of the land contained in Tract B.

John McGee, on behalf of plaintiff, testified that he had lived in Temple since 1907; that he was present at the sale in question; that he was familiar with the land involved herein; that during the sale defendant stated to the crowd that "Understand, when you are buying it, you are buying my whole holdings, 'and he dropped

that over two or three times' you are buying all my holdings in Temple."

Other witnesses for plaintiff testified that what was said at the sale by both the auctioneer and defendant gave them the impression that all lands used in connection with the business of "Temple Auction Sale" were to be sold to the highest bidder.

The defendant denied that lands in Tract B was to be conveyed by the sale. He stated that during the sale he read the description of the land that was to be sold, describing the land only in Tract A.

Several other witnesses for defendant testified that defendant read a description of the land to be sold but they couldn't tell from the description so read, the exact land to be included in the sale.

One witness for the defendant, Mr. Grace, on cross examination testified he was under the impression that what was being sold was generally known as the Temple Livestock Auction, and that he got the impression that it went from fence to fence.

At the conclusion of all of the evidence the trial court entered an exhaustive finding of facts and conclusions of law, followed by the judgment in favor of plaintiff which directed specific performance and conveyance of the lands in Tract B to plaintiff.

The defendant first contends that specific performance was not the proper remedy. Defendant's position is that the only proper remedy would have been an action for reformation of the deed.

■ We are unable to agree with this contention for the reason that an action for specific performance and an action for reformation of a deed are both actions of equitable cognizance. The plaintiff could have filed either kind of action. Plaintiff evidently chose the specific performance remedy due to the fact that the contract in question provided that in the event of failure to furnish a good title, the purchaser "may enforce performance of same."

The question as to whether specific performance of a contract should be granted is a question of equity addressed to the sound legal discretion of the trial court, and controlled by the principles of equity in full consideration of the case. Matthews v. Stovall, 203 Okl. 108, 216 P.2d 975; Prince v. Altizer, Okl., 393 P.2d 831.

30 C.J.S. Equity § 67, at pages 919 and 920, states:

"It is a well-settled rule that a court of equity which has obtained jurisdiction of a controversy on any ground, or for any purpose, will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject matter * *."

The above rule has been followed, without exception, in this jurisdiction. Clark v. Addison, Okl., 311 P.2d 256; Finley v. Concho Construction Company, Okl., 388 P.2d 863.

Defendant relies on the case of Herminghausen v. Pierce, 187 Okl. 501, 104 P.2d 252, to support his argument that specific performance was not the proper remedy in the involved case. The cited case is inapplicable to the present situation because that case was an action of legal cognizance involving damages for breach of contract.

Defendant next contends that the contract was merged into the deed. We cannot agree. In the case of Banks v. City of Ardmore, 188 Okl. 611, 112 P.2d 372, we held as follows:

"Where a contract and deed, although executed and delivered at different times, constitute parts of the same transaction, and the delivery of the deed is only a part performance of the terms of the contract, and is not intended to supersede the contract, and contract is not merged in the deed but both are to be construed together, and a restriction on the use of the land by the terms of the contract will be given effect."

Also see Edens v. Miller, Okl., 315 P.2d 954; Griffin v. Bredouw, Okl., 420 P.2d 546.

Since the lands covered in both Tracts A and B were enclosed by the same fence, we are of the opinion the trial court was correct in taking such fact into consideration in the determination of the case. See Volume 91 C.J.S. Vendor & Purchaser, § 91. Also the case of Micheli v. Taylor, 114 Colo. 258, 159 P.2d 912.

We are of the opinion that the judgment of the trial court is not against the clear weight of the evidence.

The judgment is affirmed and the trial court is authorized and directed to have title to the land described in Tract B conveyed to plaintiff in compliance with Title 12 O.S.1961, § 687.

IRWIN, C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.