527 P.2d 943 (1974)
Charles R. FENIMORE and Howard D. Hurlburt, Plaintiffs-Appellants,
v.
Paul STAUDER and Mildred Stauder, Defendants-Appellees.
No. 73-205.
Colorado Court of Appeals, Div. I.
August 20, 1974.
Rehearing Denied September 10, 1974.
Certioraris Denied November 4, 1974.
*944 Weinshienk, Miller, Goldburg & Borus, Denver, Daniel S. Hoffman, Denver, for plaintiffs-appellants.
Floyd K. Murr, Walsenburg, Predovich & Ward, Lester L. Ward, Jr., Pueblo, for defendants-appellees.
Selected for Official Publication.
PIERCE, Judge.
Plaintiffs (Buyers) appeal from a judgment denying specific performance of a real estate sales contract and granting defendants' counterclaim to quiet title to the subject property.
The contract was entered into on March 5, 1971, and provided for the purchase and sale of a ranch owned by defendants (Sellers) consisting of more than 10,000 acres. Under the contract, the Buyers were to make selections of parcels of at least 1,000 acres twice a year for a period of five years until all of the acreage had been conveyed. The 1,000-acre parcels were to be conveyed on April 1 and October 1 of each of the five years and the Buyers were required by the contract to furnish a description of each of the 1,000-acre "pick-ups" *945 not later than three months prior to each of the April 1 and October 1 purchase dates. However, the first pick-up designation was due June 10, 1971.
The contract also contained a time-of-the-essence clause stating as follows:
"Time is of the essence of this agreement, and if any payment or other condition is not met or performed by either the Sellers or Purchasers as herein provided, then this contract shall be void and of no effect and all parties hereto shall be released from all obligations hereunder at the option of the party who is not in default." (emphasis added)
On June 9, 1971, the Buyers tendered, along with a check for $5,000 per the contract, a designation of land for the first pick-up. However, this designation of land was not accepted by the Sellers on the grounds that the description included land which was specifically excluded from the 10,000 acres described in the contract. On June 29, 1971, the Buyers tendered a second designation which was also ultimately rejected. In a letter to the Buyers dated July 16, 1971, counsel for the Sellers stated that they had elected to terminate the contract under the time-of-the-essence clause and that they would not, therefore, continue with the contract. Subsequently, Buyers tendered a third designation of land which was likewise rejected by the Sellers.
At trial, Buyers attempted to establish an oral modification of the contract claiming that the restriction on land to be designated had been removed from the contract. Thus, they argued that the first election was not improper and the Sellers had no right to terminate the contract. Buyers also attempted to establish that the second selection of land was a proper selection and argued that the Sellers were bound by that selection since they had not elected to terminate the contract until July 16th, several weeks following the second selection. Sellers denied that there had been any oral modification of the contract and argued that the July 16th election to terminate was effective.
The trial court found that Buyers had not established an oral modification and that therefore, they were in default under the time-of-the-essence clause and that Sellers had the option to declare the contract terminated. The court then found that this option to terminate was effectively exercised by the letter of July 16th to the Buyers. No findings were entered with respect to the validity of the second designation of land by the Buyers. The trial court granted the relief requested by Sellers' counterclaim and dismissed Buyers' claim for specific performance.
Following consideration of Buyers' motion for new trial, the court made additional findings of fact to the effect that several clauses in the contract were so ambiguous and uncertain as to preclude the granting of specific performance. The motion for a new trial was denied.
On appeal, Buyers concede that the trial court's finding that there was no oral modification of the contract is binding upon this court. However, they argue that the trial court erred in failing to consider the second designation of land as a valid designation which would preclude the subsequent termination of the contract by the Sellers under the time-of-the-essence clause. They also attack the finding that the contract was not sufficiently definite to permit specific performance. We agree, in part, and reverse the judgment of the trial court.

UNCERTAINTY OF CONTRACT
Sellers argue, and the trial court found, that the contract is not sufficiently definite to permit specific performance. While Sellers correctly point out that a contract is to be construed against the drafter (here, the Buyers), see Webber v. Satriano, 153 Colo. 138, 384 P.2d 924; Lembke Plumbing & Heating v. Hayutin, 148 Colo. 334, 366 P.2d 673, such rules of construction were not applied by the trial court in this case. Instead, the court, in effect, refused to construe the contract at all, but found that ambiguities in the contract *946 rendered it so indefinite as to preclude specific performance.
Where a contract is susceptible to two constructions, one of which would invalidate the contract and the other which would make the contract enforceable, the latter will be adopted. Tallman v. Smith, 112 Colo. 217, 148 P.2d 581. Furthermore, when two clauses of a contract are in apparent conflict, the clause which gives effect to the primary purpose of the contract will control. Las Animas Consolidated Canal Co. v. Hinderlider, 100 Colo. 508, 68 P.2d 564. And when a contract contains ambiguities which cannot be reconciled on the basis of rules of construction, parol evidence is admissible to show the intent of the parties. Micheli v. Taylor, 114 Colo. 258, 159 P.2d 912; Schmelzer v. Condit, 69 Colo. 405, 195 P. 323. It is within the province of this court to apply these rules on review of this case. Stephenson v. Stephenson, 134 Colo. 96, 299 P.2d 1095; Helmericks v. Hotter, 30 Colo.App. 242, 492 P.2d 85. We conclude that the proper application of these rules of law to the contract before us saves this contract from being fatally indefinite so as to preclude specific performance.
The first clause of the contract which the trial court found to be indefinite provided:
"When and if Purchasers purchase the Westerly 3,000 acres of the land described in Exhibit A, which land is wooded and contains canyons and hills, Sellers are to be admitted as joint venturers in the development and sale of these acres."
The trial court concluded that this clause was indefinite because the Buyers were not bound by it to purchase the westerly 3,000 acres. However, a prior clause in the agreement unequivocally stated:
"Purchasers will purchase from Sellers and Sellers will sell to Purchasers at a price of $110 per acre the premises in Huerfano County, Colorado, described in Exhibit A attached hereto and made a part hereof."
Furthermore, uncontradicted parol evidence indicated the clear intent on the part of both parties that the Buyers be bound by the contract to purchase the full 10,000 acres. We conclude therefore, that the "when and if" clause should be construed against the Buyers so that it cannot be relied upon by them to avoid their obligations to purchase the entire property under the contract. Given such a construction, the clause does not leave the contract so indefinite as to preclude specific performance. Instead, it is given meaning consistent with the primary purpose of the contract. See Oleson v. Bergwell, 204 Minn. 450, 283 N.W. 770.
The second clause of the contract which the trial court held to be indefinite provided for the sale and purchase of the water rights appurtenant to the lands. A separate clause, handwritten on an addendum to the contract, provided, with respect to these water rights, that if a water district should be established for the sale of the subject water, the Sellers would be entitled to a 1/3 interest in the profits derived from such sales. We can find no significant ambiguity created by these two clauses which would preclude specific performance. We conclude that the handwritten language on the addendum was only an addition to the contract mutually agreed to by both of the parties which then became a part of the contract. While it is true that the language does not require that a water district be established, it states the agreement of the parties that if such a district is established, the Seller shall retain a 1/3 interest in the profits from the sale of such water. This provision is not inconsistent with the prior conveyance of all water rights to the Buyers. It is an express exception to the prior provision.
The trial court also found that the contract could not be specifically enforced because there was no agreement between the Sellers and the holder of a note and deed of trust outstanding on the property under which Sellers could be assured that the deed of trust would be released *947 for each of the 1,000-acre parcels in order to permit the sale of those parcels to the Buyers. In so finding, the court erred. It is settled in Colorado that the existence of an encumbrance on the title of a seller is not a defense to an action for specific performance. Prosser v. Schmidt, 118 Colo. 502, 197 P.2d 318. As is pointed out in that case, even if it is impossible for the seller to convey free and clear of the encumbrance, the buyer, at his option, is entitled to specific performance with an abatement in the purchase price to compensate for the presence of the encumbrance.
Therefore, there are no ambiguities or uncertainties in the contract that would preclude the trial court from granting the Buyers specific performance. The evidence definitely establishes the mutual understanding of the parties that the entire 10,000 acres was ultimately to be conveyed and that none of the material terms of the contract were left undecided by the parties. See Micheli v. Taylor, supra.

TIME-OF-THE-ESSENCE CLAUSE
While we are not in complete agreement with Buyers' contention with regard to the trial court's treatment of the time-of-the-essence clause, we conclude that the evidence in this case presented an issue not addressed by the findings of the trial court and therefore find it necessary to remand the case for further findings.
Although raised on motion for new trial, Buyers do not now dispute the applicability of the time-of-the-essence clause to the facts before us. Their acknowledgment that performance of their obligation to make their first designation by June 10th was a condition precedent to the Sellers' performance eliminates the need for further discussion of this matter. The dispute arises over the consequences which flow from the alleged breach of that condition by the Buyers. The Buyers claim that since the termination of the contract under the time-of-the-essence clause was to occur only at the option of the party not in default, the contract must be deemed to have continued in effect until July 16th when the election to terminate was communicated to the Buyers. They cite several cases which contain language to that effect. See Oleson v. Bergwell, supra; Coles v. Shepard, 30 Minn. 446, 16 N.W. 153; Keystone Sheep Co. v. Grear, 72 Wyo. 189, 263 P.2d 138.
These cases, however, are not dispositive of the real question in this case. It is true that the contract did not ipso facto terminate on the date of Buyers' default. See, e. g., Coles v. Shepard, supra. However, the breach relied upon by the Sellers in electing to terminate is not the failure of the first selection to comply substantively with the requirements of the contract, but the failure of the Buyers to make a valid selection prior to the June 10th deadline. Once the deadline had passed, the condition imposed on the Buyers was impossible of performance and the breach could not be cured by a subsequent "valid" designation of property. Thus, we conclude that the tender of a second designation after the deadline could not cut off the Sellers' rights under the time-of-the-essence clause.
This is not to say that the letter of July 16th was necessarily effective to terminate the contract. It is well settled that the right to terminate under a time-of-the-essence clause may be lost by the party not in default by waiver or estoppel. See Dreier v. Sherwood, 77 Colo. 539, 238 P. 38; Wishered v. Noonen, 71 Colo. 218, 205 P. 530; Heagy v. Steinmark, 66 Colo. 200, 180 P. 93; Brewer v. McCain, 21 Colo. 382, 41 P. 822; Annot., 107 A.L.R. 345. While we find no evidence in this case which would support a finding of estoppel, we conclude that there was sufficient evidence of a waiver to present an issue of fact for the fact-finder.
Upon Buyers' failure to designate the first "pick-up" prior to the June 10th deadline, Sellers were faced with an election either to terminate the contract or continue with it. See 5 S. Williston, Contracts § 683. There can be little doubt that the letter of July 16th was intended by the Sellers to be an election to terminate. However, both Buyers testified that following the rejection of the first designation of *948 land, they were told, either by Sellers themselves or by Sellers' counsel, to make another selection of land. These statements, if actually made, may well constitute an election to continue under the contract. Such action necessarily precludes the subsequent contrary election to terminate, and in this sense, Sellers may be said to have "waived" their right to terminate the contract. See Williston, supra. We also note that Sellers made no attempt to remit the moneys paid at the time of the first designation. They were finally ordered to repay this sum by the trial court. This fact also speaks of waiver.
The issue of waiver was not raised by pleadings in this case. However, Buyers were not required to plead waiver in anticipation of an affirmative defense asserted by Sellers. 2 J. Moore, Federal Practice ¶ 8.14, n. 40. Evidence bearing on this issue was presented at trial, without objection, and the issue was presented to the trial court in Buyers' motion for new trial. Thus, the issue was properly before the trial court. The trial court made no findings with regard to this issue of fact, and the case must be remanded for such findings. See Wishered v. Noonen, supra; 5 S. Williston, Contracts § 685.
Upon remand, therefore, the trial court is directed to make findings with regard to whether Sellers, either expressly or by their conduct in failing to act promptly following the June 10th deadline, waived their right to terminate the contract. 5 S. Williston, Contracts § 683.

VALIDITY OF SECOND DESIGNATION
If the Sellers did waive their right to terminate and if the second designation is in compliance with the contract, then Buyers are entitled to specific performance based upon the second designation. Sellers contend that the second designation is invalid for three reasons: (1) the description contained a small parcel of land not within the lands described in Exhibit A of the contract; (2) it includes a substantial acreage not actually owned by the Sellers; and (3) the land selected was to be selected by the Buyers as their final selection. We do not agree.
With respect to the first claimed defect in the second designation, the evidence is uncontradicted that the error was typographical. The description is subject to reformation to show the intent of the parties which was to convey land described in Exhibit A. See Shull v. Sexton, 154 Colo. 311, 390 P.2d 313.
The fact that the description contains land not owned by the Sellers also will not defeat specific performance. It is well settled that where the seller is unable to convey all of that property which he agreed to convey, the buyer is entitled to specific performance with an abatement in the purchase price. Kuper v. Scroggins, 127 Colo. 416, 257 P.2d 412. It is uncontested that property not owned by the Sellers was described in Exhibit A to the contract and that Buyers were expected to make selections from that description. Sellers cannot defeat Buyers' claim for specific performance on the grounds that their designation, taken from Exhibit A, includes land not owned by the Sellers.
Sellers' final ground for rejecting the second designation is likewise without merit. The contract contains no language which is indicative of any specified order in which the land selections were to be made. Nor is there sufficient evidence in the record to support a finding of any oral modification of the contract by the parties in this regard.
The case must be remanded to the trial court for further findings on the issue of whether the Sellers, by their conduct and statements to the Buyers following the first designation of land, waived their right to declare a termination of the contract. In the event the court concludes that such a waiver did occur and that Sellers thereby elected to continue under the contract, the trial court is directed to grant specific performance as requested by the Buyers.
Judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
COYTE and SMITH, JJ., concur.